

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

---

No. 02-19-00097-CR
No. 02-19-00098-CR

---

KEVIN BRONNER, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 211th District Court
Denton County, Texas
Trial Court Nos. F-2010-0763-C, F-2010-0764-C

---

Before Gabriel, Kerr, and Pittman, JJ.
Memorandum Opinion by Justice Gabriel

**MEMORANDUM OPINION**

On February 2, 2011, appellant Kevin Bronner was found guilty of two counts of possession of a controlled substance with the intent to deliver in a drug-free zone and his punishment was assessed at ten years' confinement on each. The trial court suspended imposition of the sentences and placed Bronner on community supervision for ten years. On December 14, 2016, Bronner pleaded true to the State's motions to revoke his community supervision; the trial court revoked his community supervision and sentenced him to concurrent terms of five and three years' confinement. The trial court certified that the sentences were the result of a plea bargain affording Bronner no right of appeal and that Bronner had specifically waived his right to appeal the revocation. *See* Tex. R. App. P. 25.2(a)(2), (d). On March 6, 2019, Bronner filed notices of appeal from "the original jury verdict of guilty."

We notified Bronner that his notices of appeal appeared to be untimely and invited any response to show grounds justifying our jurisdiction. *See* Tex. R. App. P. 44.3. Bronner responded and explained that his notices of appeal were untimely filed based on irregularities in the 2011 adjudication of guilt, including his counsel's ineffective assistance.

Our jurisdiction is invoked through a timely notice of appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If a notice of appeal is not timely filed, we may take no action other than to dismiss the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam). Whether Bronner is appealing from

2

the 2011 original guilt adjudications and community-supervision sentences or from the 2016 revocations of his community supervision, his 2019 notices of appeal are untimely. *See* Tex. R. App. P. 26.2(a); *see also* Tex. Code Crim. Proc. Ann. art. 42A.755(e) (providing right to appeal from community-supervision sentence arises when sentence imposed and from revocation when revoked). Accordingly, we dismiss Bronner's attempted appeals for want of jurisdiction. *See* Tex. R. App. P. 43.2(f). Because we have no jurisdiction, we do not rule on his motion for an appeal bond.

/s/ Lee Gabriel  
Lee Gabriel  
Justice

Do Not Publish  
Tex. R. App. P. 47.2(b)

Delivered: April 11, 2019